IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U. S. EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 17 cv 6817 |
| v. | ) ) | **COMPLAINT** |
| DRIVEN FENCE, INC., | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Arri Samuels ("Samuels"), who was adversely affected by such practices. As alleged with greater particularity in paragraph 11 below, the U.S. Equal Opportunity Commission ("the Commission") alleges that Defendant, Driven Fence, Inc. ("Defendant" or "Defendant Employer"), has engaged in race discrimination against Samuels by subjecting him to racial harassment, and by creating and maintaining a hostile work environment because of his race, black. The Commission also alleges that Defendant constructively discharged Samuels.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a)(1), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a)(1), 5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been a corporation doing business in the State of Illinois and the City of Melrose Park and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Samuels filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On July 31, 2017, the Commission found reasonable cause to determine that Defendant Employer violated Title VII by discriminating against Samuels because of his race, by subjecting him to racial harassment. The Commission also found reasonable cause to believe that Defendant Employer violated Title VII by constructively discharging Samuels. The Commission invited Defendant to engage with the Commission in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. By letter dated September 6, 2017, the Commission informed Defendant Employer that it was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least May 2016, Defendant Employer has engaged in unlawful employment practices at its Melrose Park facility, in violation of Section 703(a)(l) of Title VII, 42 U.S.C. § 2000e-2(a)(l). These unlawful practices include, but are not limited to, the following:

   a. Defendant has engaged in race discrimination against Samuels by subjecting him to a hostile work environment based on his race, including, but not limited to, frequent racial epithets, slurs, and other offensive comments based on race, by the warehouse manager, who was his supervisor, and coworkers. Samuels was also subjected to a noose hanging in the warehouse where he worked, toward which coworkers pulled him and threatened to put him in it; and

   b. Samuels was constructively discharged on or about June 17, 2016, because he was afraid to go to work due to the egregious racial harassment and hostile work environment.

3

12. The racial harassment and hostile work environment to which Samuels was subjected was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over him and culminated in a tangible employment action, his constructive discharge.

13. Defendant knew or should have known of the racially hostile work environment because its supervisor observed it and participated in it.

14. Defendant failed to take prompt or effective action to prevent, correct, or remedy the racially hostile work environment.

15. The effect of the practices complained of in paragraphs 11 a.- b. above has been to deprive Samuels of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

16. The unlawful employment practices complained of in paragraphs 11. a.-b. above were intentional.

17. The unlawful employment practices complained of in paragraphs 11. a.-b. above were done with malice or with reckless indifference to the federally protected rights of Samuels.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a racially hostile work environment.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Samuels by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay in lieu of reinstatement.

D. Order Defendant Employer to make whole Samuels by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Samuels by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant Employer to pay Samuels punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

GREGORY M. GOCHANOUR
Regional Attorney

DIANE SMASON
Supervisory Trial Attorney

s/ Jeanne B. Szromba
Trial Attorney
U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8122
jeanne.szromba@eeoc.gov
ARDC # 6207846
Trial Attorney